15-1999-cr
*United States v. Moughawech*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT:   DENNY CHIN,
                    SUSAN L. CARNEY,
                             *Circuit Judges,*
                    BRIAN M. COGAN,
                             *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee,*

               v.                                                              15-1999-cr

KHALIL MOUGHAWECH,
                    *Defendant-Appellant,*

MAJID HADDAD,
                    *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*        Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:                          Daniel P. Filor, Adam S. Hickey, Assistant
                                       United States Attorneys, *for* Preet Bharara,
                                       United States Attorney for the Southern
                                       District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:                Theodore S. Green, Green & Willstatter, White
                                       Plains, New York.

Appeal from the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Following a jury trial in the district court, defendant-appellant Khalil Moughawech was convicted of conspiracy to commit food stamp fraud involving at least $100 in nutrition benefits and $1,000 in public funds, in violation of 18 U.S.C. §§ 371 and 641 and 7 U.S.C. § 2024(b)(1), and four associated substantive counts, in violation of 7 U.S.C. § 2024(b)(1). Moughawech appeals a judgment entered June 16, 2015, sentencing him principally to 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Moughawech's convictions arise from a scheme whereby Moughawech, the manager of a dollar store in Yonkers, New York, and his co-defendant, Majid Haddad, the owner of the store, defrauded the federal Supplemental Nutrition Assistance Program ("SNAP") by allowing individuals to redeem their nutritional benefits (colloquially known as "food stamps") for cash, in exchange for about a third of

- 2 -

the benefits. On appeal, Moughawech argues that the district court abused its discretion in declining to charge the jury on lesser included offenses. We review a district court's denial of a request for a jury instruction on a lesser included offense for abuse of discretion. *See United States v. Abreu*, 342 F.3d 183, 188-89 (2d Cir. 2003).

The relevant Federal Rule of Criminal Procedure provides that a jury may return a verdict convicting a defendant of "an offense necessarily included in the offense charged." Fed. R. Crim. P. 31(c)(1). "[A] defendant is entitled to a lesser-included offense instruction under federal law only if (1) the elements of the lesser offense are a subset of the elements of the charged offense, and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense and acquit him of the greater." *United States v. Diaz*, 176 F.3d 52, 101 (2d Cir. 1999) (citations omitted); *see also Abreu*, 342 F.3d at 189.

The operative statutes, 18 U.S.C. § 641 and 7 U.S.C. § 2024(b)(1), punish as felonies the stealing or conversion of more than $1,000 of government funds and the unauthorized transfer or acquisition of at least $100 worth of SNAP benefits, respectively. Each has, as a lesser included offense, a misdemeanor offense if the individual is found to have stolen or converted $1,000 or less of government funds, 18 U.S.C. § 641, or transferred or acquired SNAP benefits of less than $100, 7 U.S.C. § 2024(b)(1).

Moughawech argues that a rational jury could find that his activity did not meet the threshold amounts based on his challenges to the government's proof as developed through cross examination. Accordingly, he contends that he was entitled to instructions on the lesser included offenses. We disagree.

The district court did not abuse its discretion in denying Moughawech's request for the instructions. First, the district court reasonably concluded that the trial evidence could not support a rational finding that Moughawech conspired to transfer or acquire SNAP benefits and did so on four occasions, but for only less than $100 worth of benefits each time. The Government presented evidence of at least four video-recorded, undercover purchases made by confidential informants working with the U.S. Department of Agriculture who made cash exchanges and purchased non-food items from Moughawech, each transaction in excess of $100. Moughawech's argument that the Government witness, a case agent with the Department of Agriculture, did not properly document and preserve items received from her sources fails to explain the remaining evidence in the form of customer receipts, video-recordings depicting the absence of purchases of authorized goods, SNAP transaction data, the store's written records documenting the unauthorized transactions, and Moughawech's post-arrest confession to making exchanges far in excess of the threshold amounts. A rational juror could not conclude that the evidence supported the convictions under § 2024, but for amounts less than $100.

Second, Moughawech urges us to conclude that the district court erred in declining to give a lesser included offense instruction with respect to Count 1, the conspiracy charge. But there was insufficient evidence to permit a rational jury to find that Moughawech conspired with Haddad to defraud the Government only for $1,000 or less. Our discussion above regarding the individual transactions rebuts the contention that a lesser conspiracy between Moughawech and Haddad could have been found, because the amounts involved and the number of transactions reflected by the evidence aggregate resoundingly to over $1,000. The district court was therefore not obligated to charge any lesser conspiracy crime on this theory.

Moughawech argues additionally that the district court should have given a lesser included conspiracy charge because a rational jury could find that there was insufficient evidence of *any* conspiracy between Moughawech and Haddad, and instead, a jury could find multiple individual conspiracies between Moughawech and customers such that no single conspiracy involved defrauding the Government of more than $1,000. But Count 1 of the indictment charged Moughawech with a single conspiracy, and Moughawech neither requested a multiple conspiracies charge nor proposed to the district court specific language for a lesser included offense charge for the conspiracy count that would address his current argument. And, even if, as Moughawech now argues, a rational jury could find that Moughawech conspired *serially* with customers, rather than with Haddad, we think it extremely unlikely that a

jury would do so on this record in light of the language of the indictment, the instructions the jury received, and the overt acts alleged. *See Abreu*, 342 F.3d at 189 (affirming district court's decision not to charge lesser included offense when a "reasonable juror would be extremely unlikely to believe" defendant's theory under which he would be liable for the lesser and not the greater crime). Accordingly, the district court did not abuse its discretion in failing to give a lesser included offense instruction even if a rational jury could find that Moughawech's conspiracy did not include Haddad.

For the reasons set forth above, the district court did not abuse its discretion in declining to give the lesser included offense instructions on either Count 1 or the remaining counts. *See United States v. Busic*, 592 F.2d 13, 24 (2d Cir. 1978) ("[A] defendant is not entitled to a lesser-offense charge merely because he formally contests elements of the greater charge which distinguish it from the lesser. The contest must be real. He must produce enough evidence to justify a reasonable juror in concluding that he committed the lesser offense but did not commit the greater offense.").

We have considered all of defendant's additional arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
